## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-01357 JVS (SPx) | Date | December 9, 2015 |
| Title | Christiana Trust v. Cyndi L. Staab, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Granting Plaintiff's Motion to Remand and Vacating Scheduling Conference

Plaintiff Christiana Trust moves to remand this action to Riverside County Superior Court.[1] Mot., Docket No. 9. Defendants Cyndi L. Staab and Jay R. Staab (collectively, "Staabs") did not file timely opposition to the motion.[2] For the following reasons, the Court **grants** the motion.

## 1.    Background

On November 6, 2014, Christiana Trust filed an unlawful detainer action against

---

[1] In support of its remand motion, Christiana Trust requests judicial notice of the following six documents under Federal Rule of Evidence 201: (1) a Deed of Trust recorded in the Official Records of the Riverside County Recorder; (2) Trustee's Deed Upon Sale recorded in the Official Records of the Riverside County Recorder; (3) Complaint in Christiana Trust v. Staab, Case No. MVC1404613, Riverside County Superior Court; (4) Answer in Christiana Trust v. Staab, Case No. MVC1404613, Riverside County Superior Court; (5) Proof of Service of Summons and Complaint in Christiana Trust v. Staab, Case No. MVC1404613; (6) Minute Order in Christiana Trust v. Staab, Case No. EDCV 15-0735 JVS (SPx), Central District of California. Req. for Judicial Notice ("RJN") at 2-4, Docket No. 10. The Staabs did not oppose Christiana Trust's request for judicial notice. Accordingly, the Court takes judicial notice of the county land records identified in (1)-(2), Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111, 1121 (N.D. Cal. 2009) (taking judicial notice of documents in a county public record), and the state and federal trial court records identified in (3)-(6), Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.").

[2] The Court may deem failure to oppose as consent to granting the motion. L.R. 7-12. Because the Staabs are proceeding without counsel, the Court examines the merits of the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCR 15-01357 JVS (SPx) | Date | December 9, 2015 |
| Title | Christiana Trust v. Cyndi L. Staab, et al. | | |

Staab in Riverside County Superior Court. Complaint ("Compl."), Notice of Removal at 9, Docket No. 1. On April 15, 2015, the Staabs filed a notice of removal under 28 U.S.C. § 1441 on the basis of federal question jurisdiction. RJN Ex. 6. On April 28, 2015, the Court, on its own motion, remanded the case back to state court for lack of federal question jurisdiction. Id. On July 8, 2015, the Staabs again filed a notice of removal under 28 U.S.C. § 1441 on the basis of federal question jurisdiction. Notice of Removal at 2.

**2.  Legal Standard**

   2.1.  Removal to federal court

   Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if original jurisdiction would lie in federal court. City of Chicago v. Int'l College of Surgeons, 522 U.S. 56, 163 (1997). The removing party has the burden of showing removal was proper, i.e., there are grounds for federal jurisdiction and the removing party complied with all procedural requirements for removal. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The removing party may show that removal was proper by submitting summary-judgment-type evidence. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations and speculative assertions are insufficient to meet this burden, however. See, e.g., Matheson, 319 F.3d at 1090-91; Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In any event, the Ninth Circuit has directed that courts must "strictly construe the removal statute against removal jurisdiction," and that "any doubt as to the right of removal" is resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

   2.2.  Federal question jurisdiction

   Under 28 U.S.C. § 1331, federal jurisdiction is proper if the case arises under federal law. See 28 U.S.C. § 1331. When the removing party asserts federal question jurisdiction under 28 U.S.C. § 1331, the federal question generally must appear on the face of the initial complaint. See Okla. Tax Comm'n v. Graham, 489 U.S. 838, 840 (1989). Defenses and counterclaims based on federal law may not normally serve as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   EDCR 15-01357 JVS (SPx)                               Date   December 9, 2015

Title   Christiana Trust v. Cyndi L. Staab, et al.

jurisdictional basis for removal. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-32 (2002).

  2.3. Federal diversity jurisdiction.

  Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). For diversity purposes, a person's state of citizenship is determined by her state of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Likewise, for trusts, diversity citizenship is based on the citizenship of its trustees. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). To satisfy the amount in controversy requirement, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a).

**3.** **Discussion**

  3.1. Removal was improper because the Staabs failed to file timely notice of removal.

  Christiana Trust argues that removal was improper because the Staabs' notice of removal was untimely. Mot. at 4-5. A defendant seeking to remove an action from state to federal court must file a notice of removal within 30 days after receiving a copy of the pleading. 28 U.S.C. § 1446(b). The 30-day period for filing a notice of removal is triggered when the defendant first receives formal service of process. Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-56 (1999). State law determines when the defendant first receives formal service of process. See Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011); Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th Cir. 1993) ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue."). As relevant here, California law provides that service by posting becomes effective 10 days after posting and mailing. Cal. Civ. Proc. Code § 415.45.

  Here, Christiana Trust formally served the Staabs by posting and mailing on February 4, 2015. See Proof of Service of Summons, RJN Ex. 5. Service thus became

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCR 15-01357 JVS (SPx)                    Date  December 9, 2015

Title  Christiana Trust v. Cyndi L. Staab, et al.

effective ten days later on February 14, 2015. See Cal. Civ. Proc. Code § 415.45(c). The Staabs filed their notice of removal 144 days later on July 8, 2015. Notice of Removal at 1. The notice of removal was therefore untimely under 28 U.S.C. § 1446(b), and removal was improper.

    3.2.    Removal was improper because the Court lacks federal question jurisdiction over the action.

The Court must also remand for the separate and independent reason that it lacks federal question jurisdiction over the action. Although the Staabs assert that the Court has federal question jurisdiction under 28 U.S.C. § 1331, Christiana Trust's unlawful detainer action under Cal. Civ. Proc. Code §§ 1161 et seq. raises no question of federal law. See Compl. at 9. The Staabs' defense under 12 U.S.C. § 5201 does not by itself make removal proper. Vornado Air, 535 U.S. at 831. Accordingly, removal was improper for lack of federal question jurisdiction.[3]

    3.3.    The Court grants Christiana Trust's request for attorney's fees in part.

In granting a motion to remand, district courts have the discretion to award "just" attorney's fees and costs incurred as a result of removal, see 28 U.S.C. § 1447(c), when "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, there was no reasonable basis for seeking removal on grounds of federal question jurisdiction: the underlying unlawful detainer complaint raised no question of federal law on its face, see Section 3.2, and the Court previously remanded the same complaint to state court for lack of federal question jurisdiction on the exact grounds identified here. RJN Ex. 6. The Staabs' second removal can only be characterized as a knowingly abusive litigation tactic. Accordingly, an award of attorney's fees and costs is appropriate here.

Christiana Trust seeks $1,825.00 in attorney's fees and costs incurred in bringing the motion: $1,500.00 in attorney's fees for preparing the remand motion (six hours preparing the motion at an hourly billing rate of $250.00), and $325.00 in attorney's fees

---

[3] Further, there is no basis for diversity jurisdiction because the amount of relief sought is less than the jurisdictional minimum of $75,000: the underlying unlawful detainer complaint states that the amount of claimed damages is less than $10,000. Compl. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCR 15-01357 JVS (SPx) | Date | December 9, 2015 |
| Title | Christiana Trust v. Cyndi L. Staab, et al. | | |

for attending the hearing on the remand motion. Mot. at 7; Seyed-Ali Decl. ¶¶ 3-5, Mot. at 9. To calculate whether this request for attorney's fees is reasonable, the Court must calculate the "lodestar." Bonilla v. Starwood Hotels & Resorts Worldwide, Inc., 407 F. Supp. 2d 1108, 1114 (C.D. Cal. 2005). The lodestar is "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1028 (9th Cir. 2000).

Using the lodestar method, the Court determines that Christiana Trust's request for $1,500.00 in attorney's fees is reasonable. Based on its experience, the Court finds that $250.00 is a reasonable hourly rate for unlawful detainer matters, and six hours is a reasonable expenditure of time to prepare a remand motion. However, because the Court vacates the December 21, 2015 hearing on the motion, see below, the Court declines to award $325.00 in attorney's fees for attending the hearing. Exercising its discretion under § 1447(c), the Court therefore awards Christiana Trust $1,500.00 in attorney's fees and costs.

**4.    Conclusion**

For the reasons stated above, the Court **grants** the motion, **remands** the case to Riverside County Superior Court, and **awards** Christiana Trust $1,500.00 in attorney's fees and costs.   **Counsel for plaintiff shall prepare, serve and submit, within 7 days, a proposed order conforming to this Court's ruling.**

The Court **vacates** the December 21, 2015 hearing on the motion, Fed. R. Civ. P. 78; L.R. 7-15, and the Rule 26(f) Scheduling Conference set for the same date and time.

|  |  | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | kjt |  |